**19 MAG 11993**                                                    ORIGINAL

Approved:  _____/s/_____
           JACOB R. FIDDELMAN / DOMINIC A. GENTILE /
           BRETT M. KALIKOW
           Assistant United States Attorneys

Before:    HONORABLE KEVIN NATHANIEL FOX
           United States Magistrate Judge
           Southern District of New York

------------------------------------x
                                    :
UNITED STATES OF AMERICA            :    COMPLAINT
                                    :
       - v. -                       :    Violations of 21 U.S.C.
                                    :    § 846, 18 U.S.C.
JOSE L. IRIZARRY,                   :    §§ 924(c) and 2
                                    :
              Defendant.            :    COUNTY OF OFFENSE:
                                    :    BRONX
------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss:

   WILLIAM CLARK, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

COUNT ONE
(Narcotics Conspiracy)

   1.   On or about December 20, 2019, in the Southern District of New York and elsewhere, JOSE L. IRIZARRY, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

   2.   It was a part and an object of the conspiracy that JOSE L. IRIZARRY, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

   3.   The controlled substances that JOSE L. IRIZARRY, the defendant, conspired to distribute and possess with intent to distribute were: (i) mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (ii) mixtures and

substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT TWO
(Firearms Offense)

4. On or about December 20, 2019, in the Southern District of New York and elsewhere, JOSE L. IRIZARRY, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the controlled substance offense charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i).)

The bases for my knowledge of the foregoing charge are, in part, as follows:

5. I am a Special Agent with HSI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

6. Based on my participation in this investigation, including my personal observations, my review of law enforcement reports, other documents, and video recordings, and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

    a. Since in or about April 2019, the New York City Police Department has been investigating narcotics trafficking that has been occurring in the vicinity of Fulton Avenue and East 168th Street in the Bronx, New York ("Location-1"). HSI has been involved in the investigation since in or about June 2019. As part of this investigation, law enforcement officers have observed

numerous hand-to-hand sales of narcotics at or near Location-1, many of which have been video-recorded by law enforcement.

    b. On or about December 20, 2019, at approximately 6:00 a.m., law enforcement officers executed a judicially authorized search warrant at an apartment in a vacant building in the vicinity of Location-1 ("Apartment-1"). During the process of executing that search, an individual later identified as JOSE L. IRIZARRY, the defendant, opened the door to another apartment on the same floor as Apartment-1 ("Apartment-2") from inside Apartment-2. Law enforcement officers immediately detected the strong odor of what they knew, based on their training and experience, to be marijuana emanating from within Apartment-2. The officers requested permission to enter Apartment-2, and IRIZARRY agreed. Inside Apartment-2, officers observed on the kitchen counter numerous small plastic bags and glassine envelopes that, based on their training and experience, they believe are of the type commonly used to package narcotics for distribution. IRIZARRY stated, in substance and in part, that he was staying in Apartment-2, though he was not the renter of the Apartment. IRIZARRY also identified a backpack as his (the "Backpack") and stated, in substance and in part, that the Backpack was his and that he had marijuana with him. Law enforcement officers observed several plastic zip-lock bags on top of the Backpack, which, based on their training and experience, they believe are of the type commonly used to package narcotics for distribution.

    c. IRIZARRY then gave oral and written consent for law enforcement officers to search Apartment-2. In the course of the search of Apartment-2, law enforcement officers recovered, among other things, a black, loaded Jennings .22 caliber handgun wrapped in a sock inside of a white plastic bag inside the Backpack.

    d. Officers also recovered from the kitchen of Apartment-2, among other things, a clear plastic bag and at least approximately 100 small plastic vials or capsules containing a beige, powdery substance that, based on the officers' training and experience, they believe to be heroin; at least approximately 100 small plastic vials or capsules containing a white, rock-like substance that, based on the officers' training and experience, they believe to be crack cocaine; marijuana; and a substantial number of unidentified pills. Based on their training and experience, the officers believe that the packaging of the heroin and crack cocaine is consistent with narcotics that have been packaged for distribution.

    e. IRIZARRY was then placed under arrest.

3

WHEREFORE, I respectfully request that JOSE L. IRIZARRY, the defendant, be imprisoned or bailed, as the case may be.

*[signature]*

WILLIAM CLARK
Special Agent
Department of Homeland Security,
Homeland Security Investigations

Sworn to before me this
20th day of December, 2019

*[signature]*

THE HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK